Case 5:13-cv-01271-D   Document 1   Filed 12/02/13   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. GARY KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-13- 1271-F |
| | ) | |
| v. | ) | |
| | ) | |
| 1. FARMERS INSURANCE | ) | |
| EXCHANGE, a/k/a FARMERS | ) | |
| INSURANCE GROUP, INC., a/k/a | ) | |
| FARMERS INSURANCE GROUP, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, Gary Keys, and for his cause of action against the Defendant herein alleges and states as follows:

## PARTIES

1. Plaintiff Gary Keys is an adult male, residing in Logan County, Oklahoma.

2. Defendant is Farmers Insurance Exchange a/k/a Farmers Insurance Group, Inc. a/k/a Farmers Insurance Group, a corporation or entity conducting business in and around Oklahoma County, State of Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's cause of action is based on age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §1331.

4. Plaintiff exhausted his administrative remedies as to the above-listed claim by filing timely a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was issued a notice of right to sue dated September 23, 2013, which was received by mail thereafter. This action has been timely filed within ninety (90) days of receipt of such notice.

5. All of the claims complained of herein occurred in Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in said county. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Mr. Keys was born in March 1964, making him over the age of forty (40) at all relevant times hereto.

7. Mr. Keys began his employment with Defendant in or around 1989 in Auditing. He was consistently promoted and was eventually promoted to the position of Manager in Defendant's National Document Center ("NDC").

8. Throughout Mr. Keys' twenty-four (24) year tenure with Defendant, he received satisfactory or better performance evaluations.

9. However, on or about March 7, 2013, Mr. Keys was terminated from his position with Defendant. He was told that he was an employee at-will and was not provided a reason for his termination at that time.

10. Following his termination, Mr. Keys discovered that Defendant's alleged

reason for termination was that Mr. Keys allegedly did not handle a complaint about a subordinate employee correctly.  Specifically, on or about November 28, 2012, Mr. Keys received an email from Senior Supervisor David Fuzzell outlining concerns Mr. Fuzzell received from Supervisor Colby Weaver.  The complaint related to trainer John Powers, who reported to Mr. Keys.  Mr. Weaver indicated there had been complaints about the manner in which Mr. Powers conducted himself during training class and that he had some personal complaints about the effectiveness of Mr. Powers' method of training.  Mr. Weaver further indicated he had received complaints from trainees that Mr. Powers referred to an employee as a "chatty Kathy" in front of her co-workers, talked to an employee about a co-worker's attendance points, and gave an employee the nickname "Master Bateman."  The complaint included an allegation that Mr. Powers had a history of sharing "funny or gruesome pictures," and had shown a picture of a "mostly nude woman" (which had been uploaded to the document center by a customer) to a trainee.

11.     Mr. Keys addressed the complaint with Mr. Powers by meeting with him to discuss the complaint.  Mr. Powers did not deny the allegations and expressed remorse for his behavior.  Mr. Keys warned Mr. Powers that similar conduct in the future would not be tolerated, and Mr. Powers agreed that he would not continue this behavior.  Mr. Keys then memorialized the discussion in an email to Mr. Powers and reiterated his warning.  Mr. Keys again spoke with Mr. Powers prior to the new training session to reinforce the discussion.

12.     Then, in or around January 2013, Mr. Keys was told by another manager that

Mr. Powers was allegedly viewing pornography on the floor. Mr. Keys immediately reported such information to human resources and fully cooperated in an investigation of the allegations.

13.   Upon information and belief, the pornography allegation made against Mr. Powers was not stemming from conduct which occurred after Mr. Keys met with Mr. Powers on or about November 29, 2012.  Rather, the complaint stemmed from the same conduct which had already been addressed.  Although there had been no new complaints regarding Mr. Powers' conduct, Mr. Keys was terminated.

14.   Mr. Keys was forty-eight (48) years old at the time of his termination.

15.   Upon information and belief, Mr. Keys was replaced by a significantly younger individual.

16.   As a direct and proximate cause of Defendant's actions, Mr. Keys has suffered injuries as described in this Complaint.

### COUNT I:  AGE DISCRIMINATION (ADEA)

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17.   The matters alleged above constitute violations of the ADEA in the form of age discrimination.

18.   Plaintiff was a member of a protected class in that at all relevant times to this action he was over the age of forty (40), was satisfactorily performing his  job, was

terminated and replaced a significantly younger individual.

19.  As the direct and proximate result of Defendant's actions, Plaintiff has suffered lost earnings, past and future, and other compensatory and equitable damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based on Defendant's willful conduct in that Defendant's agents knew they could not engage in age discrimination.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and award actual and compensatory damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 2nd day of December, 2013.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA #17844**
**LAUREN W. JOHNSTION, OBA #22341**
**LEONARD & ASSOCIATES, P.L.L.C**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800 [TELEPHONE]**
**(405) 239-9801 [FACSIMILE]**
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**